WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie Grey Vanaman,<br><br>　　　　　Petitioner,<br><br>v.<br><br>M. Gutierrez, Warden,<br><br>　　　　　Respondent. | No. CV-22-0485-TUC-JCH (EJM)<br><br>**REPORT AND RECOMMENDATION** |

Currently pending before the Court is Petitioner Leslie Grey Vanaman's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody ("Petition") (Doc. 1). Respondent has filed a Return and Answer ("Answer") (Doc. 15), and Petitioner replied (Doc. 21). The Petition is ripe for adjudication.

Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure,[1] this matter was referred to Magistrate Judge Markovich for Report and Recommendation. Upon review of the pleadings and exhibits, the Magistrate Judge recommends that the District Judge dismiss the Petition (Doc. 1) for lack of jurisdiction.

**I.　BACKGROUND**

At the time Petitioner filed his Petition (Doc. 1), Petitioner was an inmate incarcerated at the United States Penitentiary in Tucson, Arizona ("USP–Tucson"). *See* Petition (Doc. 1). Currently, Petitioner remains incarcerated at USP–Tucson. *See* Fed. Bureau of Prisons ("BOP") Inmate Locater, https://www.bop.gov/inmateloc/ (last visited

---

[1] Rules of Practice of the United States District Court for the District of Arizona.

January 2, 2024). Petitioner's projected release date is June 4, 2064. *See* Fed. BOP Inmate Locater, https://www.bop.gov/inmateloc/ (last visited January 2, 2024).

### A.     *Federal Conviction, Sentencing, and Appeal*

On April 16, 2013, a federal grand jury in the Southern District of Florida indicted Petitioner on three (3) counts for the receipt, production, and possession of child pornography in violation of the United States Code, Title 18, Sections 2251(a), (e); 2252(a)(2), (a)(4)(B); and 2252(b)(1)–(2), as well as a forfeiture count. Indictment, *United States v. Vanaman*, No. 13-80088-CR-Zloch/Hunt (S.D. Fla. Apr. 16, 2013), ECF No. 1.[2]  On August 9, 2013, Petitioner pled guilty to Counts 1 and 3 of the indictment, regarding the receipt and possession of child pornography respectively. *See* Hr'g Tr. 8/9/2013, *United States v. Vanaman*, No. 13-80088-CR-Zloch/Hunt (S.D. Fla. Feb. 5, 2014), ECF No. 75. On October 17, 2013, Petitioner was sentenced to 720 months imprisonment—480 months as to Count 1 and 240 months as to Count 3, ordered to run consecutively. Judgment, *United States v. Vanaman*, No. 13-80088-CR-ZLOCH-1 (S.D. Fla. Oct. 17, 2013), ECF No. 52. On January 6, 2014, an Amended Judgment was entered to reflect that the Court did not order restitution, but the terms of imprisonment remained unchanged. Amended Judgment, *United States v. Vanaman*, No. 13-80088-CR-ZLOCH-1 (S.D. Fla. Jan. 6, 2014), ECF No. 67.

On October 22, 2013, Petitioner filed a notice of appeal. Not. of Appeal, *United States v. Vanaman*, No. 13-80088-CR-ZLOCH (S.D. Fla. Oct. 24, 2013), ECF No. 56. On July 25, 2014, the Eleventh Circuit Court of Appeals issued its mandate granting "[t]he Government's motion to dismiss . . . pursuant to the appeal waiver in Appellant's plea agreement[.]" Order, *United States v. Vanaman*, No. 13-14933-FF (11th Cir. July 25, 2014), ECF No. 32.

---

[2] "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). United States District Court for the Southern District of Florida orders and proceedings are proper material for judicial notice. *See Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006) (taking judicial notice of orders and proceedings before another tribunal).

### B.   *Collateral Challenges*

#### 1. <u>Section 2255</u>

On June 24, 2015, Petitioner timely filed his Section 2255 petition. Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Fed. Custody, *United States v. Vanaman*, No. 9:13-CR-80088-WJZ (S.D. Fla. June 29, 2015), ECF No. 83.³ Petitioner alleged thirteen (13) grounds of ineffective assistance of counsel, and one (1) count of "[c]umulative error of multiple instances of both defense counsel's [sic] deficiencies result[ing] in a grossly unjust treatment [sic] and unconstitutional ignorance of due process culminating in the Defendant's illegal incarceration." *Id.* at 4–15.⁴ Petitioner's ineffective assistance of counsel claims included several involving an alleged misapplication of the guidelines and alleged failure to argue against or explain various sentencing enhancements. *Id.* at 8–10. On July 28, 2016, the court adopted the magistrate judge's report and recommendation and denied Petitioner's Section 2255 petition. Order, *Vanaman v. United States*, No. 15-80900-CIV-ZLOCH (S.D. Fla. July 28, 2016), ECF. No. 20. On the same date, the district judge denied issuance of a Certificate of Appealability. Order, *Vanaman v. United States*, No. 15-80900-CIV-ZLOCH (S.D. Fla. July 28, 2016), ECF. No. 22.

On August 12, 2016, Petitioner filed his Notice of Appeal regarding the denial of his Section 2255 petition. Not. of Appeal, *Vanaman v. United States*, No. 15-80900-CIV-ZLOCH (S.D. Fla. Aug. 12, 2016), ECF. No. 24. On September 1, 2017, the Eleventh Circuit Court of Appeals declined to issue a certificate of appealability finding that Petitioner could not "show that reasonable jurists would debate the District Court's

---

³ The prison mailbox rule directs that a *pro se* prisoner's federal habeas petition is deemed filed when "he hands it over to prison authorities" for mailing. *See Houston v. Lack*, 487 U.S. 266, 275–76 (1988). For Petitioner's *pro se* post-conviction filings and calculating timeliness, the Court relies on the date on which Petitioner handed his documents over to prison authorities. The citation sentence, however, reflects the date on which the filing was docketed by the court.

⁴ Unless otherwise noted, page citations refer to the Case Management/Electronic Case Files ("CM/ECF") page number for ease of reference.

denial of relief on his claims." Order, *Vanaman v. United States*, No. 16-15452-E (11th Cir. Sept. 1, 2017), ECF No. 17.  On September 12, 2017, Petitioner sought reconsideration of the court's denial.  Mot. to Reconsider, *Vanaman v. United States*, No. 16-15452-E (11th Cir. Sept. 18, 2017), ECF No. 18.  On October 31, 2017, the court of appeals summarily denied Petitioner's motion for reconsideration.  Order, *Vanaman v. United States*, No. 16-15452-E (11th Cir. Sept. 1, 2017), ECF No. 19.

On November 22, 2017, Petitioner filed a writ of certiorari with the Supreme Court of the United States.  Ltr. to Clerk, *Vanaman v. United States*, No. 16-15452-E (11th Cir. Feb. 20, 2018), ECF No. 20.  On March 26, 2018, Petitioner's writ of certiorari was denied.  Ltr. to Clerk, *Vanaman v. United States*, No. 16-15452-E (11th Cir. Mar. 26, 2018), ECF No. 21.

### 2.   Writ of Coram Nobis

On May 20, 2021, Petitioner filed a petition for writ of coram nobis seeking the vacating of his convictions and dismissal of the indictment.  Complaint, *Vanaman v. United States*, No. 9:22-CV-80689-RS (S.D. Fla. June 2, 2021), ECF No. 1.  Petitioner alleged that the indictment in his criminal case "failed to state a valid jurisdictional element" and "therefore did not allege any federal crime through its failure to allege a valid nexus with interstate or foreign commerce." *Id.* at 2.  Petitioner argued that because "the valid jurisdictional hook of the statutes 2251 and 2252 and their subsections, (aggregate effect, cumulative effect) was never alleged in the indictment[,] . . . [he] could not have prepared a defense regarding an aggregate effect on interstate or foreign commerce[.]" *Id.* at 4.  Petitioner further asserted that this failure deprived the trial court of subject matter jurisdiction.  *Id.*

On May 12, 2022, the district court denied relief.  Order, *Vanaman v. United States*, No. 22-80689-CV-SMITH (S.D. Fla. May 12, 2022), ECF No. 4.  The court observed that "coram nobis relief is not available to Petitioner who is still 'in custody,' and . . . if [the petitioner's filing were] treated as a 28 U.S.C. § 2255 Motion to Vacate, it is DISMISSED as an unauthorized successive Motion." *Id.* at 1.  The district court

further observed that "Petitioner's claim, that the Court lacked subject matter jurisdiction is without merit." *Id.* at 3 n.2 (citing *United States v. Grimon*, 923 F.3d 1302, 1307 (11th Cir. 2019) ("Whether that indictment sufficiently alleged, or Grimon's subsequent factual proffer sufficiently demonstrated, an interstate nexus is merely a non-jurisdictional challenge to the sufficiency of the evidence as to that element of the offense and has no bearing on the district court's power to adjudicate her case or subject matter jurisdiction.")). The district court further observed that Vanaman's claim was "refuted by the record which shows that the government alleged a nexus to interstate commerce." *Id.* at 3 n.2. Finally, the court denied issuance of a certificate of appealability. *Id.* at 5.

### C. The Instant Habeas

On October 18, 2022, Petitioner filed a Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody. *See* Petition (Doc. 1). Petitioner asserts that he "is actually innocent of his 18 U.S.C. §§ 2252(b)(1), 2 & (b)(2), 2 sentencing enhancements." *Id.* at 4. Petitioner argues that his "prior New Jersey state conviction does not qualify as an enhanceable [sic] conviction[.]" *Id.* As such, Petitioner claims that he is actually innocent of any sentencing enhancements related to his New Jersey conviction and seeks resentencing without enhancement. *Id.*

Petitioner further urges that the Section 2255 savings clause or "escape hatch" authorizes his Section 2241 petition. Petr.'s Mem. in Support of Pet. for a Writ of Habeas Under 28 U.S.C. § 2241 (Doc. 1-1) at 4. In addition to asserting actual innocence, Petitioner claims that he did not have "an unobstructed procedural shot at vindicating his actual innocence claim via direct appeal or § 2255 motion." *Id.* at 7–13. Petitioner asserts that "[b]ecause the New Jersey statute is overly broad, and because it can be violated by means inconsistent with those set forth in 18 U.S.C. §§ 2252(b)(1) and (b)(2), [he] is actually innocent of his sentencing enhancements." *Id.* at 13. Accordingly, Petitioner seeks the Court to find him "actually innocent of that sentence, and schedule a hearing to determine an appropriate term of custody without the application of §§ 2252(b)(1) and (b)(2). *Id.*

## II. ANALYSIS

### A. Legal Standards

"As a general rule, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (quotations and citations omitted). Section 2255 provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Usually, "motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (citations omitted); *see* 28 U.S.C. §§ 2241(d), 2255(a). "Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Hernandez*, 204 F.3d at 864–65 (quoting 28 U.S.C. § 2255; then citing *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999)). "We refer to this section of § 2255 as the 'savings clause[]' or the 'escape hatch.'" *Harrison*, 519 F.3d at 956 (quotations and citations omitted). "If a prisoner's claims qualify for the escape hatch of § 2255, the prisoner may challenge the legality of a sentence through a § 2241 petition in the custodial court." *Id.* (citations omitted).

### B. Jurisdiction

"[I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000).

Here, Petitioner is a federal prisoner contesting the legality of his sentence by challenging his prior New Jersey state conviction, asserting that it does not qualify as an enhancement pursuant to Section 2252(b)(1)–(2), Title 18, United States Code, and thereby rendering him "actually innocent." *See* Petition (Doc. 1) at 4. Petitioner claims that he is entitled to resentencing without the enhancement. *Id.* Petitioner urges that during the New Jersey case, "because he was culpable for endangering the welfare of his children within the meaning of the statute, he did not make any formal objection to the superfluous factual allegations, and subsequently entered a guilty plea." Petr.'s Mem. in Support of Pet. for a Writ of Habeas Under 28 U.S.C. § 2241 (Doc. 1-1) at 11. Petitioner notes that "[h]e had no reason to believe that any non-objection to the superfluous factual allegation would/could come back to haunt him years later." *Id.* Petitioner further asserts that "the facts upon which the prior conviction were based were not alleged in the grand jury's indictment, nor were they admitted or fully address [sic] by the plea in the federal case." *Id.* at 12. Properly, Petitioner's request for relief should be asserted under Section 2255 in the Southern District of Florida. Petitioner does not contend otherwise, but rather argues that the § 2255 remedy is inadequate or ineffective because at the time of his Section 2255 motion, "the Second Circuit law that governed the petitioner's case provided that, in conducting a 'categorical analysis' to determine whether a defendant's prior offense matched a type of offense specified in a statute or Guideline as triggering an enhanced sentence, the 'modified categorical approach' could be applied to any statute that listed alternatives 'in separate subsections or a disjunctive list.'".[5] *Id.* at 5 (citations omitted); *see also* Reply (Doc. 21) at 2–3. Petitioner further clarified that "at the time of his direct appeal and initial § 2255, 'there was no change in Eleventh Circuit precedent pertaining to the divisibility [nor its necessary converse, indivisibility] of an underlying state statute in any meaningful way in which he could have obtained relief.'" Reply (Doc. 21) at 2–3 (citations omitted). Whether this Court has jurisdiction over Petitioner's

---

[5] Petitioner's reliance on the Second Circuit is misplaced as his federal conviction and sentence occurred in the Southern District of Florida, which resides in the Eleventh Circuit.

- 7 -

section 2241 petition depends on the Supreme Court of the United States' recent decision in *Jones v. Hendrix*, 599 U.S. 465 (2023) and whether Section 2255's escape hatch applies.

### 1. *Jones v. Hendrix*

In *Jones*, the Supreme Court observed:

> [S]ince the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), second or successive § 2255 motions are barred unless they rely on either "newly discovered evidence," § 2255(h)(1), or "a new rule of constitutional law," § 2255(h)(2). A federal prisoner may not, therefore, file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved.

*Jones v. Hendrix*, 599 U.S. 465, 469–70 (2023). The Court went on to address the question of whether "that limitation on second or successive motions makes § 2255 'inadequate or ineffective' such that the prisoner may proceed with his statutory claim under § 2241." *Jones v. Hendrix*, 599 U.S. 465, 470 (2023). The Court observed that prior to *Jones*,

> [s]everal Courts of Appeals found a workaround for [] prisoners in the saving clause . . . [holding] that § 2255 was 'inadequate and ineffective' under the saving clause—and that § 2241 was therefore available—when AEDPA's second-or-successive restrictions barred a prisoner from seeking relief based on a newly adopted narrowing interpretation of a criminal statute that circuit precedent had foreclosed at the time of the prisoner's trial, appeal, and first § 2255 motion.

*Jones*, 599 U.S. at 477. The Court unequivocally found that "the saving clause does not authorize such an end-run around AEDPA." *Id.* The Court held that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition. *Id.* at 471.

Following *Jones*, the Eleventh Circuit Court of Appeals recognized that "[t]he saving clause is concerned with the adequacy or effectiveness of the remedial vehicle . . . not any court's asserted errors of law." *Grimes v. FPC Pensacola Warden*, 2023 WL

8018576, at *2 (11th Cir. Nov. 20, 2023) (quoting *Jones v. Hendrix*, 599 U.S. at 480). As such, the court found that "the § 2255 remedial vehicle was adequate and effective to test [a petitioner's] claim, even if circuit precedent or a procedural bar would have foreclosed it." *Grimes*, 2023 WL 8018576, at *2.

Here, Petitioner seeks to circumvent the AEDPA's restrictions on filing second or successive § 2255 motions by filing a § 2241 petition asserting that at the time of his Section 2255 motion, "the Second Circuit law that governed the petitioner's case provided that, in conducting a 'categorical analysis' to determine whether a defendant's prior offense matched a type of offense specified in a statute or Guideline as triggering an enhanced sentence, the 'modified categorical approach' could be applied to any statute that listed alternatives 'in separate subsections or a disjunctive list.'". Petr.'s Mem. in Support of Pet. for a Writ of Habeas Under 28 U.S.C. § 2241 (Doc. 1-1) at 5 (citations omitted); *see also* Reply (Doc. 21) at 2–3. Petitioner further argues that "at the time of his direct appeal and initial § 2255, 'there was no change in Eleventh Circuit precedent pertaining to the divisibility [nor its necessary converse, indivisibility] of an underlying state statute in any meaningful way in which he could have obtained relief.'" Reply (Doc. 21) at 2–3 (citations omitted). Petitioner urges that "[t]he consequence of finding the 'modified' categorical approach applicable was that a court within the Second Circuit could look beyond the statute defining the prior offense, to case-specific documents, to determine whether the prior offense matched the enhancement-triggering offense." Petr.'s Mem. in Support of Pet. for a Writ of Habeas Under 28 U.S.C. § 2241 (Doc. 1-1) at 5 (citations omitted). Petitioner asserts that "[t]he Supreme Court's opinions in Descamps v. United States, 570 U.S. 254 (2013) and Mathis v. United States, 579 U.S. 500 (2016), abrogated that Second Circuit precedent." Petr.'s Mem. in Support of Pet. for a Writ of Habeas Under 28 U.S.C. § 2241 (Doc. 1-1) at 5 (formatting in original). Petitioner "claims that the court that sentenced him erroneously treated his state-court conviction as a predicate for enhanced mandatory sentences . . . and he is actually innocent of the predicate crimes enumerated in the enhancing statute." *Id.* at 6.

Petitioner is attempting exactly the kind of end run around the AEDPA's restrictions on second or successive § 2255 motions foreclosed by *Jones*. Accordingly, this Court finds that it lacks jurisdiction to consider the Petition (Doc. 1).

### 2. Section 2255 Escape Hatch

"The escape hatch permits a federal prisoner to file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (quotations and citations omitted). Section 2255's escape hatch provision provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). The Ninth Circuit Court of Appeals "ha[s] held that a motion meets the escape hatch criteria of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (quotations and citations omitted).

#### a. Actual Innocence

"In this circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L.Ed.2d 828 (1998)[.]" *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623, 118 S. Ct. at 1611 (quotations and citations omitted). "A petitioner is actually innocent when he was convicted for conduct not prohibited by law." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (citations omitted). "It is important to note . . . that 'actual

innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623, 118 S. Ct. at 1611 (citations omitted).

Here, Petitioner asserts that he "is actually innocent of his 18 U.S.C. §§ 2252(b)(1), 2 & (b)(2), 2 sentencing enhancements." Petition (Doc. 1) at 4. On June 4, 2003, Petitioner was arrested and a criminal complaint filed in the State of New Jersey alleging that he "knowingly endanger[ed] the welfare of a child by possessing images of prepubescent children that were downloaded via the Internet, this being in violation of NJS 2C:24-4b(5)b." Answer (Doc. 15), Complaint, *State v. Vanaman* (Exh. "5") (Doc. 15-2) at 31. The Accusation filed prepared by the New Jersey court stated that Petitioner committed "[t]he Act of Endangering the Welfare of Children by possessing images of children engaging in prohibited sexual acts that were downloaded via the internet." Accusation, *State v. Vanaman*, No. 04-09-00078-A (N.J. Super. Ct. Law Div. Sept. 3, 2004), *available at* Answer (Doc. 15), Exh. "5" (Doc. 15-2) at 30; *see also* Petr.'s Mem. in Support of Pet. for a Writ of Habeas Under 28 U.S.C. § 2241 (Doc. 1-1) at 10 (quoting and confirming the New Jersey charge). Petitioner confirmed that he committed the offense to which he pled guilty. Answer (Doc. 15), Plea Form, *State v. Vanaman* (Exh. "5") (Doc. 15-2) at 35. Petitioner now urges that he "was charged with 'Endagering [sic] the Welfare of [his own] Children' by possessing what he maintains was adult pornography (albeit depicting asians [sic] whom are small in stature) that could have accidentally been viewed by his own children[.]" Petr.'s Mem. in Support of Pet. for a Writ of Habeas Under 28 U.S.C. § 2241 (Doc. 1-1) at 9 (alterations except grammar and final punctuation in original).

Petitioner asserts that his "state conviction was not for 'possession . . . of child pornography' 'under the laws of' New Jersey." *Id.* at 12. As such, Petitioner argues that his "prior New Jersey state conviction does not qualify as an enhanceable [sic] conviction[.]" Petition (Doc. 1) at 4. Petitioner urges that "[b]ecause the New Jersey statute is overly broad, and because it can be violated by means inconsistent with those set forth in 18 U.S.C. §§ 2252(b)(1) and (b)(2), . . . [he] is actually innocent of his

sentencing enhancements." Petr.'s Mem. in Support of Pet. for a Writ of Habeas Under 28 U.S.C. § 2241 (Doc. 1-1) at 13.

Petitioner's argument is without merit. The 2003 version of the New Jersey statute provides, in relevant part:

> Any person who knowingly possesses or knowingly views any photograph, film, videotape, computer program or file, video game or any other reproduction or reconstruction which depicts a child engaging in a prohibited sexual act or in the simulation of such an act, including on the internet, is guilty of a crime in the fourth degree.

N.J.S.A. 2C:24-4b(5)(b) (2003). "'Child' means any person under 16 years of age." N.J.S.A. 2C:24-4b(1) (2003). The statute defines "prohibited sexual act" to include sexual intercourse; anal intercourse; masturbation; bestiality; sadism; masochism; fellatio; cunnilingus; nudity, if depicted for the purpose of sexual stimulation or gratification of any person who may view such depiction; or any act of sexual penetration or sexual contact as defined in N.J.S. 2C:14-1. N.J.S.A. 2C:24-4b(1)(a)–(j) (2003). The New Jersey Supreme Court described the section of the statute describing sexual conduct as nudity, if depicted for the purpose of sexual stimulation or gratification of any person who may view such depiction as "the section of the statute proscribing child pornography." *State v. Hackett*, 764 A.2d 421, 430 (N.J. 2001). The plain language of the statute and the New Jersey Supreme Court's description of the section under which Petitioner was charged as proscribing child pornography vitiates Petitioner's claim of actual innocence. Furthermore, the Court finds Petitioner has not met his burden to demonstrate that the statute is overbroad.

### b. Unobstructed Procedural Shot

The second requirement for the § 2255 escape hatch is for Petitioner to not have had an unobstructed procedural shot at presenting his claim. *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008). Section 2255's escape hatch provision is "narrow" and its "remedy is not inadequate or ineffective merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition." *Ivy v. Pontesso*, 328

F.3d 1057, 1059 (9th Cir. 2003) (quotations and citations omitted). "[T]he general rule in this circuit is that the ban on unauthorized second or successive petitions does not per se make § 2255 inadequate or ineffective." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (quotations and citations omitted) (alterations in original). The question is "whether [Petitioner's] actual innocence claim was unavailable to him during his direct appeal and his first § 2255 motion." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011). In making this determination, the Court considers "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion, and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (internal quotations and citations omitted).

Petitioner asserts that "the heart of [his] claim was that the underlying state conviction was not a categorical match to any of the enumerated offenses set out in 18 U.S.C. § 2251(a)(1) and (2) (i.e., the underlying state statute was necessarily indivisible and not a match), and since the Third Circuit had considered the potential divisibility of N.J.S.A. 2C:24-4b(5)b, the sentencing court and the Eleventh Circuit would have believed (pre-<u>Mathis</u>) that the enhancing statute was divisible."[6] Reply (Doc. 21) at 3. Petitioner points to the Third Circuit Court of Appeals decision in *Stubbs v. Attorney General*, 452 F.3d 251 (3d Cir. 2006) to support his argument. Petitioner's reliance on *Stubbs* is misplaced. The *Stubbs* court considered the appropriateness of the Board of Immigration Appeals' ("BIA") finding that defendant had been convicted of the aggravated felony of sexual abuse of a minor following pleading "guilty to one count of third-degree 'endangering welfare of children' in violation of N.J. Stat. Ann. § 2C:24-4(a)." *Stubbs*, 452 F.3d at 252. This section is a separate offense from that which Petitioner was charged with, and as such irrelevant to this case.

---

[6] Petitioner pled guilty to violations pursuant to subsections of 18 U.S.C. § 2252, the count based upon 18 U.S.C. § 2251 was dismissed. *See* Hr'g Tr. 8/9/2013, *United States v. Vanaman*, No. 13-80088-CR-Zloch/Hunt (S.D. Fla. Feb. 5, 2014), ECF No. 75.

Petitioner further posits that "[u]nder Mathis[7] and Descamps,[8] it is very likely that N.J.S.A. 2C:24-4b(5)b would be determined indivisible rather than divisible." Reply (Doc. 21) at 6. Neither *Mathis* or *Descamps* are relevant to Petitioner's conviction pursuant to 18 U.S.C. § 2252(b)(1) and (2), and both were decided prior to Petitioner's filing a Notice of Appeal of his § 2255 motion. Not. of Appeal, *Vanaman v. United States*, No. 15-80900-CIV-ZLOCH (S.D. Fla. Aug. 12, 2016), ECF. No. 24. Petitioner cannot be said to have lacked an unobstructed procedural shot to present his claim. Accordingly, Petitioner does not qualify for section 2255's escape hatch.

### c. Conclusion

Plaintiff does not meet the criteria for section 2255's escape hatch. He cannot show either actual innocence or an unobstructed procedural shot at presenting his claim. As such, this court lacks jurisdiction over Petitioner's petition.

### III.  RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order **DENYING** Petitioner's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1).

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2), Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District

---

[7] In *Mathis v. United States*, 579 U.S. 500 (2016), the Supreme Court considered whether the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), makes an exception the rule that a "prior crime qualifies as an ACCA predicate if, but only if, its elements are the same as, or narrower than, those of the generic offense." *Mathis*, 579 U.S. at 503. The Court determined that if the elements of a state criminal statute are broader than those of the generic crime, convictions under that state statute cannot give rise to an ACCA sentence. *Id.* at 520.

[8] In *Decamps v. United States*, 570 U.S. 254 (2013), the Supreme Court held "that sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." *Descamps*, 570 U.S. at 258.

Court. If objections are filed, the parties should use the following case number: **CV-22-0485-TUC-JCH**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.

Dated this 25th day of January, 2024.

_____
Eric J. Markovich
United States Magistrate Judge